## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| FRANK JOSEPH BROWN, | |
| Petitioner, | MEMORANDUM DECISION AND ORDER DISMISSING HABEAS-CORPUS PETITION |
| v. | Case No. 2:17-CV-826-TS |
| STATE OF UTAH, | District Judge Ted Stewart |
| Respondent | |

THIS MATTER IS BEFORE THE COURT on Petitioner Frank Joseph Brown's habeas-corpus petition. 28 U.S.C. § 2254 (2018). Having thoroughly considered the parties' arguments and all relevant law, the Court concludes the petition must be dismissed as inexcusably untimely. *See id*. § 2244(d)(1).

## BACKGROUND

In Utah court, Petitioner pleaded guilty to one count of attempted child kidnapping, a first-degree felony. He was sentenced to an indeterminate prison term of three-years-to-life on February 12, 2016. Petitioner did not appeal, nor did he petition for state post-conviction relief. He filed his federal petition for a writ of habeas corpus on July 20, 2017, more than seventeen months after sentencing.

Petitioner alleges a wide range of claims: pre-plea constitutional violations, ineffective assistance of counsel, and actual innocence. The State moves to dismiss the petition as untimely. Petitioner responds that newly discovered evidence supports his actual-innocence claim and overcomes any untimeliness bars. The Court rejects Petitioner's arguments.

**ANALYSIS**

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Id*. § 2244(d)(1). As to Petitioner's claims, the limitation period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. That occurred here on March 14, 2016. *See* Utah R. App. P. 4(a) ("The notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from."). So, Petitioner had until March 14, 2017 to file his federal petition, excepting applicable tolling. This federal petition was not filed until July 20, 2017, more than four months after the limitation period expired.

Petitioner asserts that newly discovered evidence renders his petition timely under § 2244(d)(1)(D), which permits claims based on newly discovered evidence to be brought within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (2018). He also argues that newly discovered evidence shows actual innocence, tolling the limitation period.

**A.     The "new" evidence is not relevant to Petitioner's guilty plea.**

Summarizing Petitioner's voluminous and repetitive arguments contained in his many filings in this Court: Before the attempted kidnapping incident, Victim's parents appear to have alleged to California authorities that Petitioner had an inappropriate sexual relationship with Victim. Petitioner's "newly discovered evidence" consists of "four investigations" by California and Utah that he argues exonerate him from the allegation that he had an inappropriate relationship with his thirteen-year-old victim. He also contends these "investigations" show that

he was not court ordered to stay away from Victim. He emphasizes that his victim and her siblings called him "grandpa." Moreover, some investigation documents seem to be from Utah child protection authorities, reporting on their investigation of allegations against Victim's parents that Petitioner offers to show that they were bad parents and his motive in abducting the child was to protect the child from a bad home situation.

But Petitioner pleaded guilty to attempted child kidnapping, not to any form of child sex abuse. Utah Code. Ann. § 76-5-301.1 (2018), defines child kidnapping as:

1. "intentionally or knowingly" and "without authority of law"

2. Seizing, confining, detaining, or transporting

3. "by any means and in any manner"

4. "a child under the age of fourteen"

5. "without the consent of the victim's parent or guardian, or the consent of a person acting in loco parentis."

At his plea hearing, his attorney offered the following factual basis for his plea: "Mr. Brown on or about February 6th, 2015 in Salt Lake County knowingly and intentionally without legal custodial authority transported the minor victim age 13, E.H., from West Valley to Salt Lake City." (Doc. No. 34-1, at 7.) When asked by the court to confirm, Petitioner answered, "Yes, sir." (*Id.*) At that same hearing, he filled out, in his own handwriting, and signed, a "Statement of Defendant in Support of Guilty Plea" containing substantially similar facts and also reciting the charge's elements. (Doc. No. 1-6, at 2.)

Whether Petitioner had a sexual relationship with or was under a court order not to have contact with his child victim and whether she referred to him as "grandpa" are questions that

have no bearing at all on the attempted-child-kidnapping charge. Whether Victim's parents were good or bad parents is also immaterial because, regardless of their fitness, they were still her parents. In short, none of the offense's elements are even slightly affected by any of the facts Petitioner asserts the investigations prove. At best, the investigations are irrelevant. At worst, they appear to support the charge because they clarify the fact that Victim's parents did not want Petitioner to have further contact with their daughter and certainly had not given him authority to transport their daughter anywhere under any circumstances.

All Petitioner's claims and arguments flow from the false premise that the questions he suggests the investigations resolve are somehow relevant to his guilty plea. But he admitted at his plea hearing that he intentionally and knowingly abducted the girl and transported her without parental authorization. That is all the charge requires and the petition does not call those critical facts into question. As a general matter then, the petition does not raise any real challenges to his criminal conviction.

### B.     The evidence is not "newly discovered."

Just as significant, the "investigations" are not newly discovered. One of Petitioner's allegations is that his trial counsel had information on the investigations before his plea. Indeed, Petitioner acknowledged that the investigations were discussed extensively in his pre-plea proceedings. (Doc. No. 31, at 16.) Because the evidence on which his claims are based was available before his plea, it cannot constitute newly discovered evidence under 28 U.S.C. § 2244(d)(1)(D) (2018)--even if it did raise relevant arguments, which it does not.

**C.     The evidence does not show actual innocence.**

Petitioner also asserts that the investigations establish actual innocence under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and therefore entitle him to circumvent the limitation period. Though *McQuiggin* held that an actual-innocence claim may constitute an exception to the federal limitation period, it does not apply to just any conclusory assertion of actual innocence.

Rather, the "actual-innocence gateway" that circumvents AEDPA's time and procedural bars is available only where petitioner can show that "'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 386, 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, to qualify, a habeas petitioner must establish "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Such evidence is so rare that "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted). This case is no different.

As discussed above, the facts Petitioner asserts the investigations show--that he did not have an inappropriate relationship with Victim; that he had not been ordered to have no contact with her; that she called him "grandpa"; and that the victim's parents were neglectful or abusive--have no bearing on the charge of attempted child kidnapping to which Petitioner pleaded guilty. If anything, the investigations support Petitioner's guilt because they establish that the victim's parents did not authorize contact between Petitioner and Victim, let alone his transporting her to a motel. Petitioner has not satisfied the stringent standards of *McQuiggin* and *Bousley*. The petition's untimeliness is unexcused.

**CONCLUSION**

Petitioner's habeas petition is untimely and he has not met his burden to prove that his claims are based on newly discovered evidence or that he is factually innocent.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's motion to dismiss the petition with prejudice is **GRANTED**. (Doc. No. 30.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of the Court is directed to **CLOSE** this action.

DATED this 27th day of February, 2019.

BY THE COURT:

_____
TED STEWART
United States District Judge